UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO. 6:06-CV-00359-ACC-DAB

MICHAEL P. McGAHEY,

      Plaintiff,

vs.

MC2, INC., and THOMAS G.
McCLAY,

      Defendants.

_____/

_____

**AMENDED COMPLAINT**
_____

COMES NOW the Plaintiff, Michael P. McGahey, by and through his

undersigned attorneys, and sues the Defendants, MC2, Inc., and Thomas G. McClay,

and for his Amended Complaint[1] against them would show:

**GENERAL AND JURISDICTIONAL ALLEGATIONS**

1.      This is an action for damages in excess of $15,000.00.

2.      The Defendant MC2, Inc. (hereinafter "MC2, Inc."), is a corporation

---

[1] This Amendment is filed as a matter of course pursuant to Fed. R. Civ. P.
15(a), there having been no responsive pleading served by the Defendants.

organized and existing under the laws of the State of Florida.

3.      The Defendant Thomas G. McClay (hereinafter "McClay") is a natural person who is a citizen and resident of Pennsylvania.

4.      At all times material hereto McClay was acting as an agent of MC2, Inc., and within the course and scope of his agency.

5.      The Plaintiff is a natural person over the age of majority and otherwise competent to bring this action.

6.      At all times material hereto, MC2, Inc. maintained offices for the conduct of business at 3815 North Cocoa Blvd., Cocoa,  Brevard County, Florida.

7.      The Plaintiff's causes of action arose in Brevard, County, Florida.

8.      All conditions precedent to filing this action have occurred, been waived, or been satisfied.

## FACTS COMMON TO ALL COUNTS

9.      In May of 2003, MC2, Inc., hired the Plaintiff as an employee designating the Plaintiff as Vice President of Sales.

10.     The negotiations for the Plaintiff's employment were handled by McClay on behalf of MC2, Inc.

11.     The parties verbally agreed that Plaintiff's compensation would be a base annual salary of $90,000.00 with additional compensation to be paid in the form of

a commission.

12.    The parties also agreed that the Plaintiff would be issued stock certificates in MC2, Inc., equal to 11% of the authorized shares of the company.

13.    As initially formulated between the parties, the Plaintiff's commission was to be based on 10% of the gross profit for all sales procured individually by the Plaintiff and 10% of the gross profit on sales procured by salesman subordinate to the Plaintiff.  For a time, Plaintiff was paid commissions on that basis.

14.    On or about April, 2004 the parties verbally agreed to  modify the Plaintiff's commission compensation to provide that commissions would be based on 20% of the gross profit of sales procured individually by the Plaintiff with no commission payable on sales procured by subordinate salesmen.

15.    Subsequent to modifying the commission compensation arrangement as set forth herein, the Plaintiff procured sales and was paid commissions at the rate of 20% of gross profit.

16.    The Plaintiff was the procuring cause for contracts in connection with the jobs identified on Exhibit "A" attached to the prior complaint filed herein.[2]

17.    Depending upon which of the two commission arrangements described

---

[2]   The exhibits attached to the prior complaint are adopted by reference pursuant to Fed. R. Civ. P. 10(c), rather than being separately attached to this Amended Complaint.

herein were in effect at the time of a particular sale, the Plaintiff was to be paid commissions in connection with said jobs.

18.     On or about February, 2005, the Plaintiff was terminated by MC2, Inc., said termination occurring without notice or cause.

## COUNT I

## BREACH OF COMMISSION AGREEMENT

19.     The allegations set forth in paragraphs 1 through 11 and 13 through 18 are realleged and incorporated herein as if set forth verbatim.

20.     This is count for breach of the parties' oral commission agreement brought under the common law of the State of Florida.

21.     Although MC2, Inc. has paid the Plaintiff a portion of the commissions due with respect to the jobs identified on Exhibit "A", it has failed to pay all amounts due and owing.

22.     As a direct and proximate result of MC2, Inc.'s breach of the parties' commission agreement, the Plaintiff has suffered damages in excess of $15,000.00.

23.     Plaintiff has retained the undersigned attorneys for representation in this cause and is obligated to pay said attorneys a reasonable attorney's fee.

24.     Unpaid commissions constitute "unpaid wages" under Section 448.08,

Fla. Stat., entitling the Plaintiff to an award of his attorney's fees against MC2, Inc.

WHEREFORE, Plaintiff demands judgment against MC2, Inc. for all damages including an award of prejudgment interest, attorney's fees and costs.

## COUNT II

### BREACH OF COMMISSION
### AGREEMENT ON VANDENBURG/ATLAS 5 JOB

25.     The allegations set forth in paragraphs 1 through 11 and 13 through 18 are realleged and incorporated herein as if set forth verbatim.

26.     This is a count for breach of the parties' oral commission agreement pertaining to the project known as the "Vandenberg/Atlas 5" job, brought under the common law of the State of Florida.

27.     On or about August, 2003, the Plaintiff was the procuring cause of a contract for the "Vandenberg/Atlas 5" job.

28.     As a result, Plaintiff became entitled to receive a commission of 20% of the gross profit from the sale.

29.     At the time of Plaintiff's termination, Plaintiff had not been paid the entire commission due him in connection with the Vandenberg/Atlas 5 job.

30.     Notwithstanding that the Vandenberg/Atlas 5 job concluded subsequent to Plaintiff's termination and prior to the commencement of this action, MC2, Inc. has

failed and refused to pay to Plaintiff  the full amount of the commission due in connection with said job.

31.    Plaintiff has retained the undersigned attorneys for representation in this cause and is obligated to pay said attorneys a reasonable fee.

32.    Unpaid commissions constitute "unpaid wages" under Section 448.08, Fla. Stat., entitling the Plaintiff to an award of his attorney's fees against  MC2, Inc.

WHEREFORE, Plaintiff demands judgment against MC2, Inc., for all damages including an award of prejudgment interest, attorney's fees and costs.

## COUNT III

### FAILURE TO GIVE REASONABLE NOTICE OF TERMINATION/SEVERANCE PAY

33.    The allegations set forth in paragraphs 1 through 18 are realleged  and incorporated herein as if set forth verbatim.

34.    This is a count for failure to provide Plaintiff with reasonable notice of his termination or to pay him severance pay, brought under the common law of the State of Florida.

35.    As a terminable -at-will employee, the Plaintiff could be discharged from employment at any time with or without cause, upon  MC2, Inc. providing him with reasonable notice.

6

36.    The requirement of reasonable notice may be satisfied by an employer providing severance pay as opposed to giving notice.

37.    MC2, Inc. did not give the Plaintiff reasonable notice of his termination and did not provide severance pay.

38.    Plaintiff has retained the undersigned attorneys for representation in this cause and is obligated to pay said attorneys a reasonable fee.

39.    An award of his damages for failure of Defendant MC2, Inc., to give reasonable notice or severance pay constitutes "unpaid wages" within the meaning of § 448.08, Fla. Stat. entitling the Plaintiff to an award of his attorneys' fees in this action.

WHEREFORE, Plaintiff demands judgment against MC2, Inc., for all damages including an award of prejudgment interest, attorney's fees and costs.

## COUNT IV

## BREACH OF CONTRACT OBLIGATION TO MAKE RETIREMENT PLAN CONTRIBUTIONS

40.    The allegations set forth in paragraphs 1 through 18 are realleged and incorporated herein as if set forth verbatim.

41.    This is a claim for breach of contract brought under the common law of the State of Florida.  The contract in question is partly oral and partly written,

consisting of the Defendant MC2's verbal agreements to fund the Plaintiff's retirement plan account sponsored by the Defendant, the written terms and provisions of the plan documents, Defendant's in-house publications pertaining thereto, and correspondence between the parties relating to that retirement plan.

42.     As an employee of MC2, Inc., the Plaintiff participated in the retirement plan sponsored by the Defendant.  Plaintiff does not have a copy of the plan documents to attach hereto, but believes MC2, Inc. is in possession of said documents and is fully informed of their content.

43.     Under the terms of its agreement that the Plaintiff would participate in the retirement plan sponsored by MC2, Inc., said Defendant was required to make periodic contributions to the Plaintiff's account.

44.     MC2, Inc. breached its contractual duty under the terms of the retirement plan and the terms of the employment agreements with the Plaintiff by failing to make all agreed-upon contributions to the Plaintiff's account.

45.     Plaintiff has suffered damages resulting from said Defendant's underpayment of employer plan contributions.

WHEREFORE, Plaintiff demands judgment against MC2, Inc., for all damages including an award of prejudgment interest, attorney's fees and costs.

## COUNT  V

## ACCOUNTING OF EFFECTS OF FAILURE TO
## MAKE RETIREMENT PLAN CONTRIBUTIONS

46.     The allegations set forth in paragraphs 1 through 18 and 40 through 45 are realleged and incorporated herein as if set forth verbatim.

47.     This is an action for an accounting in equity brought pursuant to the common law of the State of Florida.

48.     As an employee of MC2, Inc., the Plaintiff participated in the retirement plan sponsored by said Defendant.   Plaintiff does not have a copy of the plan documents to attach hereto but believes MC2, Inc. is in possession of said documents and fully informed of their content.

49.     The Defendant MC2, Inc. is and was a fiduciary under the subject retirement plan  obligated to make periodic contributions for the Plaintiff's benefit to the account maintained under the plan.

50.     At all times material, the Plaintiff reposed in the Defendant MC2, Inc. the level and trust and confidence appropriate for a fiduciary relationship in which the Defendant had superior access to financial information unavailable to the Plaintiff, or not readily understandable to the extent that he might have had access to the raw data.

51.    At all times material the Plaintiff reasonably relied upon the Defendant MC2, Inc.'s fiduciary undertaking to account for the Plaintiff's rightful share of retirement plan contributions and the earnings therefrom.

52.    MC2, Inc., violated its fiduciary duty by failing to make all required contributions for the Plaintiff's benefit as required, and by failing to provide the Plaintiff with timely, accurate, and easily understandable accountings of those required contributions.

53.    The Defendant MC2, Inc., by retaining portions of the required contributions to the subject retirement plan, is holding property in which the Plaintiff has an interest that cannot, without an accounting, be reached by an action at law.

54.    The Plaintiff has suffered damages resulting from said Defendant's underpayment of employer plan contributions that requires an accounting to ascertain the full extent of such damage.

WHEREFORE, Plaintiff demands judgment against   MC2, Inc., for an accounting of his property and an award of all damages including prejudgment interest and costs.

## COUNT VI

## BREACH OF AGREEMENT
## TO ISSUE COMPANY STOCK

55.     The allegations set forth in paragraphs 1 through 12 and 18 are realleged and incorporated herein as if set forth verbatim.

56.     This is a count for breach of contract brought under the common law of the State of Florida.

57.     The Defendants MC2, Inc., and McClay, individually, entered into an oral contract with the Plaintiff whereby the said Defendants agreed to convey shares of the capital stock of MC2, Inc., equal to 11% of the authorized shares.

58.     Despite demand therefor, the Defendants have failed and refused to fulfill their contractual obligation to convey the subject shares of stock.

59.     An award of damages for Defendants' breach of this agreement would be legally insufficient and there is no accurate remedy at law for Defendants' breach.

60.     MC2, Inc. should be required to specifically perform its contractual obligation to convey the subject shares of stock.

61.     Upon information and belief, Defendant McClay has taken possession of some or all of the Plaintiff's rightful portion of the subject shares of stock, or has been assigned the power of control over said shares wherever they may be situated.

11

62.    This Court should impose a constructive trust over a sufficient number of shares of the stock within the possession or control of McClay.

WHEREFORE, Plaintiff demands judgment against the Defendants MC2, Inc. and McClay for specific performance and imposition of a constructive trust. In the alternative, the Plaintiff demands judgment against the Defendants for all damages including an award of pre-judgment interest and costs.

## COUNT  VII

## CLAIM FOR PROMISSORY ESTOPPEL

63.    The allegations set forth in paragraph 1 through 18, 21 through 24, 41 through 45, and 57-58 are realleged and incorporated herein as if set forth verbatim.

64.    This count is in the alternative to the breach of contract counts, and is in addition to the remaining counts of this complaint.

65.    This is a count brought under the common law doctrine of promissory estoppel recognized under the law of the State of Florida.

66.    In the event that it should be determined that the agreements made by the Defendants in this action and their promises are unenforceable due to the absence or failure of consideration on the Plaintiff's part, the Defendants are estopped from relying upon said defense by virtue of the fact that the Plaintiff relied to his detriment upon Defendants' agreements and promises, and provided the Defendant with the

12

same value that they would have received, had the parties been obligated to one another by an enforceable contractual obligation.

67.     The Plaintiff has not been adequately compensated for his services to the Defendants in that he has not received either of the agreed-upon compensation for their services or the reasonable value of those services.

68.     Unless the Plaintiff is awarded a recovery in the amount he expected to receive under the agreements that he reasonably understood to be enforceable contracts, the Defendants will have been unjustly enriched.

WHEREFORE, the Plaintiff demands judgment against the Defendants MC2, Inc. for damages under promissory estoppel, including prejudgment interest and costs.

## COUNT  VIII

## CLAIM FOR QUANTUM MERUIT

69.     The allegations set forth in paragraphs 1 through 18, 21 through 24, 41 through 45, and 57-58 are realleged and incorporated herein as if set forth verbatim.

70.     This count is in the alternative to the breach of contract counts, and is in addition to the remaining counts of this complaint.

71.     This is a count for recovery of the reasonable value of the Plaintiff's services brought under the common law and equitable doctrine of quantum meruit under the law of the State of Florida.

13

72.   In the event that it should be determined that some or all of the Plaintiff's breach of contract claims set forth herein are unenforceable due to the statute of frauds for other barriers to prosecution of a contract claim, the doctrine of quantum meruit is available to provide Plaintiff with a remedy.

73.   As a result of the Plaintiff's labors on behalf of MC2, Inc., said Defendant has become enriched.

74.   The Plaintiff has not been adequately compensated for his services to MC2, Inc.

75.   Unless the Plaintiff is awarded a recovery in the amount necessary to compensate him for the reasonable value of his services, said Defendant's enrichment would be unjust.

WHEREFORE, the Plaintiff demands entry of judgment in his favor for restitution in the amount in which MC2, Inc. has been unjustly enriched, plus interest.

## DEMAND FOR JURY TRIAL

The Plaintiff demand trial by jury on all issues.

WHEREFORE, the Plaintiff demands entry of judgment in his favor, for an award of his damages, for specific performance, an equitable accounting, imposition of a constructive trust, restitution, pre-judgment interest, costs and attorney's fees, for trial by jury, and for all other relief to which he is entitled.

14

Respectfully submitted,

WASSON& ASSOCIATES, CHARTERED
Suite 450, Gables One Tower
1320 South Dixie Highway
Miami, Florida 33146
(305) 666-5053

E.C. "SCOTT" WRIGHT, P.A.
2285 W. Eau Gallie Blvd.
Melbourne, Florida 32935
(321) 723-1997

Counsel for Plaintiff


By:   s/Roy D. Wasson
ROY D. WASSON
Fla. Bar No. 332070

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served by CF/ECM electronic filing upon Mary Ruth Houston and Paul J. Scheck, Shutts & Bowen, LLP, Counsel for Defendants MC2, Inc. and McClay, P.O. Box 4956, Orlando, FL 32802-4956 on this the 23rd day of March, 2006.

By:    s/Roy D. Wasson
ROY D. WASSON
Fla. Bar No. 332070