UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL P. MCGAHEY,

                                           CASE NO.: 6:06-CV-359-ORL-22-DAB

          Plaintiff,

vs.

MC2, INC. and THOMAS G. MCCLAY,

          Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MC2, INC.

Defendant, MC2, INC. ("MC2"), by and through its undersigned counsel, answers the Amended Complaint herein ("the Amended Complaint") as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. Admits the allegations of paragraph 1 that Plaintiff claims that this is an action seeking damages in excess of $15,000.00, but otherwise denies.

2. Admits the allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. Without knowledge or information as to the allegations of paragraph 4, as it fails to specify what acts are being referred to, and therefore denies; admits that McClay is the President of MC2.

5. Admits the allegations of paragraph 5.

6. Denies the allegations of paragraph 6, except admits that it has warehouse space and a staging area at the stated address.

7. Denies the allegations of paragraph 7.

8. Without knowledge or information as to the allegations of paragraph 8, and therefore denies.

## FACTS COMMON TO ALL COUNTS

9. Admits the allegations of paragraph 9.

10. Admits the allegations of paragraph 10.

11. Denies the allegations of paragraph 11.

12. Denies the allegations of paragraph 12.

13. Denies the allegations of paragraph 13, except admits that Plaintiff was paid in accordance with the agreement between the parties.

14. Denies the allegations of paragraph 14.

15. Denies the allegations of paragraph 15.

16. Denies the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

## COUNT I

### BREACH OF COMMISSION AGREEMENT

19. Realleges and incorporates herein its responses to paragraphs 1 through 11 and 13 through 18 as set forth above in response to paragraph 19.

20. Admits that Plaintiff purports that this is an action for an alleged breach of an oral commission agreement, but otherwise denies the allegations of paragraph 20.

21. Denis the allegations of paragraph 21.

22. Denies the allegations of paragraph 22.

23. Without knowledge or information as to the allegations of paragraph 23 and therefore denies.

24. Denies the allegations of paragraph 24.

## COUNT II

### BREACH OF COMMISSION AGREEMENT ON VANDENBURG/ATLAS 5 JOB

25. Realleges and incorporates herein its responses to paragraphs 1 through 11 and 13 through 18 as set forth above in response to paragraph 25.

26. Admits that Plaintiff purports that this is an action for an alleged breach of an oral commission agreement, but otherwise denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27.

28. Denies the allegations of paragraph 28.

29. Denies the allegations of paragraph 29.

30. Denies the allegations of paragraph 30.

31. Without knowledge or information as to the allegations of paragraph 31 and therefore denies.

32. Denies the allegations of paragraph 32.

## COUNT III

### FAILURE TO GIVE REASONABLE NOTICE OF TERMINATION/SEVERANCE PAY

33. Realleges and incorporates herein its responses to paragraphs 1 through 11 and 13 through 18 as set forth above in response to paragraph 33.

34. Admits that Plaintiff purports this is an action for failure to provide reasonable notice of termination or severance pay, but otherwise denies the allegations of paragraph 34.

35. Denies the allegations of paragraph 35 but admits the Plaintiff was an at will employee.

36. Denies the allegations of paragraph 37 on the grounds it is an inaccurate and inapplicable conclusion of law.

37. Denies the allegations of paragraph 31, and further answering, states there is no such obligation as is implied in paragraph 37.

38. Without knowledge or information as to the allegations of paragraph 38 and therefore denies.

39. Denies the allegations of paragraph 39.

## COUNT IV

### BREACH OF CONTRACT OBLIGATION TO MAKE RETIREMENT PLAN CONTRIBUTIONS

40-45. Defendant is moving to dismiss Count IV and therefore does not answer paragraphs 40 through 45.

## COUNT V

### ACCOUNTING OF EFFECTS OF FAILURE TO MAKE RETIREMENT PLAN CONTRIBUTIONS

46-54. Defendant is moving to dismiss Count V and therefore does not answer paragraphs 46 through 54.

## COUNT VI

### BREACH OF AGREEMENT TO ISSUE COMPANY STOCK

55-62. Defendant is moving to dismiss Count VI and therefore does not answer paragraphs 55 through 62.

## COUNT VII

### CLAIM FOR PROMISSORY ESTOPPEL

63-68. Defendant is moving to dismiss Count VII and therefore does not answer paragraphs 63 through 68.

## COUNT VIII

## CLAIM FOR QUANTUM MERUIT

69-75. Defendant is moving to dismiss Count VIII and therefore does not answer paragraphs 69 through 75.

## DEMAND FOR JURY TRIAL

Defendants deny that the Plaintiff has set forth sufficient allegations to entitle him to a jury trial in this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to allege sufficient facts to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the statute of frauds.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's right to recovery is barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's right to recovery is barred, in whole or in part, because he has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

Any damages awarded to Plaintiff should be set off by any wages and benefits earned from any other employer and all other remuneration from any source.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks equitable relief his claim is barred by the doctrines of unclean hands and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that it is entitled to an award of reasonable attorney's fees in its favor as the prevailing party in this action, as well as to the extent that this suit constitutes a frivolous action brought in bad faith.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff does not have a right to a jury trial for any matter that does not constitute an action at law for damages.

**WHEREFORE,** having fully answered the Amended Complaint, Defendant, MC2, INC. requests that the Amended Complaint be dismissed, and that it be awarded all taxable costs and attorney's fees that may be allowed by law.

Dated: April 17, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

E.C. (Scott) Wright
scott@ecwpa.com

Roy D. Wasson
rdwassonappeal@bellsouth.net.

|  |  |
|---|---|
| **Mailing Address:** | SHUTTS & BOWEN LLP<br>Attorneys for Defendants<br>300 S. Orange Avenue, Suite 1000<br>Orlando, Florida 32801-5403<br>**P.O. Box 4956**<br>**Orlando, Florida  32802-4956**<br>Telephone:  (407) 423-3200<br>Facsimile:  (407) 425-8316 |

By:   /s/ Mary Ruth Houston
        Mary Ruth Houston
        Florida Bar No.
        Paul J. Scheck
        Florida Bar No. 0028487

ORLDOCS 10387520 1