UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO. 6:06-CV-00359-ACC-DAB

MICHAEL P. McGAHEY,

    Plaintiff,

vs.

MC2, INC., and THOMAS G. McCLAY,

    Defendants.
_____/

**SECOND AMENDED COMPLAINT**

Pursuant to this Court's order entered on July 3, 2006, the Plaintiff, Michael P. McGahey, files this Second Amended Complaint against the Defendant, MC2, Inc.[1] and states as follows:

**GENERAL AND JURISDICTIONAL ALLEGATIONS**

1.     This is an action for damages in excess of $15,000.00.

2.     The Plaintiff is a natural person over the age of majority and otherwise competent to bring this action.

---

[1] Although the Defendant Thomas G. McClay remains a party to the counts of the amended complaint that have been remanded to state court for adjudication, the counts contained in this pleading are against only the Corporate Defendant, MC2, Inc.

3. The Defendant MC2, Inc. (hereinafter "MC2, Inc."), is a corporation organized and existing under the laws of the State of Florida.

4. At all times material hereto, MC2, Inc. maintained offices for the conduct of business at 3815 North Cocoa Blvd., Cocoa, Brevard County, Florida.

5. The Defendant Thomas G. McClay (hereinafter "McClay") is a natural person who is a citizen and resident of Pennsylvania.

6. In May of 2003, MC2, Inc., hired the Plaintiff as an employee designating the Plaintiff as Vice President of Sales.

7. At all times material hereto McClay was acting as an agent of MC2, Inc., and within the course and scope of his agency.

8. The negotiations for the Plaintiff's employment were handled by McClay on behalf of MC2, Inc.

9. The parties verbally agreed that Plaintiff's compensation would be a base annual salary of $90,000.00 with additional compensation to be paid in the form of a commission.

10. The parties also agreed that the Plaintiff would be issued stock certificates in MC2, Inc., equal to 11% of the authorized shares of the company.

11. The Plaintiff's causes of action arose in Brevard, County, Florida.

12. All conditions precedent to filing this action have occurred, been waived, or been satisfied.

## COUNT I

## BREACH OF CONTRACT OBLIGATION TO <u>MAKE RETIREMENT CONTRIBUTIONS</u>

13. The allegations set forth in paragraphs 1 through 12 are realleged and incorporated herein as if set forth verbatim.

14. This is a claim for breach of contract brought under the common law of the State of Florida.

15. The contract in question is partly oral and partly written, consisting of the Defendant MC2's verbal agreement to make contributions to the Plaintiff's retirement plan account sponsored by the Defendant, and an email from Defendant confirming that agreement.

16. A copy of the email containing the written portion of the agreement is attached as Exhibit 1.

17. Under the terms of its agreement with the Plaintiff, the Defendant MC2 was required to provide pension/retirement benefits to the Plaintiff's benefit.

18. The amount of those retirement account contributions that Defendant was required to make equaled 10% of the Plaintiff's gross income.

19. The subject agreement to provide pension or retirement benefits was not a plan subject to the provisions of ERISA, 29 U.S.C. Section 1001, *et seq*.

20. Defendant's agreement was not a plan subject to ERISA because it was an *ad hoc* plan that was not offered to all employees, nor to a defined group of

employees.

21.   A reasonable person could not ascertain the beneficiaries other than the Plaintiff, if any, under Defendant's agreement to provide pension/retirement benefits.

22.   A reasonable person could not ascertain the procedure for receiving benefits under the parties' agreement.

23.   A reasonable person could not ascertain whether the Plaintiff's pension/retirement benefits were to be paid from the general assets and revenues of the Defendant, or from a separate account established for that purpose.

24.   The Defendant MC2, Inc. breached its contractual duty to the Plaintiff by failing to make the agreed-upon contributions to the Plaintiff's pension/retirement account.

25.   Plaintiff has suffered damages resulting from said Defendant's underpayment of pension/retirement contributions.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demand trial by jury on all issues.

WHEREFORE, the Plaintiff demands entry of judgment in his favor, for an award of his damages, pre-judgment interest, costs and attorney's fees, for trial by jury, and for all other relief to which he is entitled.

Respectfully submitted,

| | |
|---|---|
| WASSON & ASSOCIATES, CHARTERED<br>Suite 450, Gables One Tower<br>1320 South Dixie Highway<br>Miami, Florida 33146<br>(305) 666-5053 | E.C. "SCOTT" WRIGHT, P.A.<br>2285 W. Eau Gallie Blvd.<br>Melbourne, Florida 32935<br>(321) 723-1997 |

By:   s/Roy D. Wasson
ROY D. WASSON
Fla. Bar No. 332070

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served by CF/ECM electronic filing upon Mary Ruth Houston and Paul J. Scheck, Shutts & Bowen, LLP, Counsel for Defendants MC2, Inc. and McClay, P.O. Box 4956, Orlando, FL 32802-4956 on this the 17th day of July, 2006.

By:   s/Roy D. Wasson
ROY D. WASSON
Fla. Bar No. 332070